# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDDIE JINNIS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0309**  (BOR Appeal No. 2050862)
                    (Claim No. 2013013411)

**SUMMIT ENVIRONMENTAL SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eddie Jinnis, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summit Environmental Services, LLC, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 3, 2016, in which the Board affirmed a September 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 7, 2014, decision denying a request for authorization of a lumbar spine MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 6, 2012, Mr. Jinnis injured himself while attempting to escape a furnace fire. He initially sought treatment in the emergency department of Norton Community Hospital where he was diagnosed with second degree burns, a right wrist sprain, and a left knee injury. His claim for workers' compensation benefits was held compensable for overexertion/sudden strenuous movement, second degree burns of the wrist, an unspecified lower leg injury, and an unspecified sprain of the wrist. While in the emergency department, Mr. Jinnis completed a Report of Injury in which he indicated that he sustained injuries to his knee and wrist, as well as burn injuries.

1

Following his visit to the emergency department, Mr. Jinnis was treated at Woodland Urgent Care for general complaints of pain, including back pain, chest pain, and knee pain.

Mr. Jinnis sought follow-up care with Jiab Suleiman, D.O., who initially noted that Mr. Jinnis complained of left knee pain. During an office visit that occurred on November 5, 2012, Dr. Suleiman opined that Mr. Jinnis has fully healed and is not experiencing any further problems. However, on June 9, 2014, Mr. Jinnis sought treatment with Dr. Suleiman for lower back pain with radiation into his legs, which Mr. Jinnis attributed to the August 6, 2012, injury. Dr. Suleiman diagnosed Mr. Jinnis with lumbago and recommended that Mr. Jinnis undergo a lumbar spine MRI.

On July 24, 2014, William Gonte, M.D., performed an independent medical evaluation. Dr. Gonte noted that Mr. Jinnis complained of lower back pain. However, Dr. Gonte determined that Mr. Jinnis had full range of motion in his lower back during the evaluation. On September 12, 2014, Syam Stoll, M.D., performed a records review and recommended denying Dr. Suleiman's request for authorization of a lumbar spine MRI. Dr. Stoll noted that in early 2013, there was a four month gap during which Mr. Jinnis did not receive any medical treatment before returning to Dr. Suleiman for an evaluation of chronic left knee pain on March 14, 2013. He further noted that Mr. Jinnis followed up with Dr. Suleiman on June 9, 2014, with complaints of radiating lower back pain. Dr. Stoll then opined that the medical evidence of record demonstrates that Mr. Jinnis's current complaints of lower back pain are unrelated to the compensable August 6, 2012, injury.

On November 4, 2014, the StreetSelect Grievance Board issued a decision following the claims administrator's initial denial of the request for authorization of a lumbar spine MRI. The Grievance Board found that Mr. Jinnis's complaints of lower back pain did not begin until approximately two years after the compensable injury. It then determined that the medical evidence available for review does not support a finding that there is a relationship between the compensable injury and Mr. Jinnis's complaints of lower back pain. On November 7, 2014, the claims administrator denied Dr. Suleiman's request for authorization of a lumbar spine MRI based upon Dr. Stoll's records review. In its Order affirming the November 7, 2014, claims administrator's decision, the Office of Judges held that the requested lumbar spine MRI is not medically related or reasonably required for the treatment of the compensable August 6, 2012, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 3, 2016. On appeal, Mr. Jinnis asserts that the evidence of record clearly demonstrated that the requested lumbar spine MRI is medically necessary and reasonably required for the treatment of the compensable injury.

The Office of Judges noted that Mr. Jinnis did not list his lower back as an injured body part when completing the Report of Injury. Although the Office of Judges noted that Mr. Jinnis complained of lower back pain on August 14, 2012, when seeking treatment at Woodland Urgent Care, it found that he did not receive any treatment for his lower back or make any other

complaints regarding his lower back until 2014.[1] The Office of Judges then took note of Dr. Stoll's report following his records review in which he opined that the request for authorization of a lumbar spine MRI should be denied. Finally, the Office of Judges concluded that Mr. Jinnis has failed to demonstrate that the requested lumbar spine MRI is necessary for the treatment of the compensable August 6, 2012, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[1] The Office of Judges erroneously lists the date of the Woodland Urgent Care treatment note as August 14, 2014.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker